[Crim. No. 2644.   First Dist., Div. Two.   July 21, 1950.]

THE PEOPLE, Respondent, v. FRED B. HART,
Appellant.

Fred B. Hart, in pro. per., Leo A. Sullivan and Myron Harris
for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Dep-
uty Attorney General, J. F. Coakley, District Attorney, and
Folger Emerson, Deputy District Attorney, for Respondent.

DOOLING, J.—Defendant was convicted of the crime de-
nounced by section 288a Penal Code committed upon the per-

son of one M. Defendant appeals from the order of the court denying his motion for new trial. While many points are urged on the appeal we confine our consideration to only one of them which in our judgment is controlling.

M was a sailor under treatment at a Naval Hospital for a broken leg. His leg was confined in a rigid cast from hip to ankle. At 2:30 a. m. appellant was driving an automobile with a woman companion. He offered M a ride to his hospital. After proceeding a few blocks the car was stopped and both M and appellant left it briefly and then, according to M's testimony, appellant got into the back seat with M while the woman remained in the front seat. There appellant exhibited a knife which he kept passing from one hand to the other and proposed to M the commission of the act charged. M acquiesced and the act was performed.

Appellant argues that M was an accomplice within the meaning of section 1111 Penal Code and that his testimony was not corroborated. It is the theory of the prosecution that M was not an accomplice because acting under coercion.

The coercion necessary to relieve an adult person from responsibility for a criminal act is defined in section 26, subdivision 8 Penal Code as follows:

"All persons are capable of committing crimes except those belonging to the following classes: . . . Eight. Persons (unless the crime be punishable with death) who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to and did believe their lives would be endangered if they refused."

The last sentence of section 1111 Penal Code defines an accomplice:

"An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

Under this definition M is an accomplice unless the evidence is sufficient to support a finding bringing the case as to him within subdivision 8, section 26 Penal Code above quoted, i. e. that M did believe that his life would be endangered if he refused. (*People* v. *Martin*, 13 Cal.App. 96 [108 P. 1034] ; *People* v. *Coleman*, 53 Cal.App.2d 18, 27-28 [127 P.2d 309] ; *People* v. *Sanders*, 82 Cal.App. 778, 785 [256 P. 251] ; *People* v. *Villegas*, 29 Cal.App.2d 658, 661 [85 P.2d 480] ; *People* v. *Lindstrom*, 128 Cal.App. 111, 112 [16 P.2d 1003].)

The People argue that the evidence shows that M was afraid that if he resisted it would endanger his life. Not only did M not testify at any point that he feared that his life was in danger but he expressly twice testified:

". . . I did participate because I was afraid to break my leg over again and didn't want to fight him back."

"I didn't want to break my leg over again."

A reading of the entire evidence satisfies us that it is not sufficient to support a finding that M actually believed that his life was in danger.

Cases such as *People* v. *Westek*, 31 Cal.2d 469 [190 P.2d 9] are not in point because the witnesses were under the age of 14 years when the crimes upon their persons were committed. (Pen. Code, § 26, subd. 1.)

Respondent suggests that there was corroborative evidence but does not undertake to point it out. The prosecuting attorney stated to the jury in his argument:

"I am not going to waste your time arguing that he is corroborated, because he isn't. There is no testimony in the case to that effect."

The record bears out this statement.

■ The court instructed the jury:

"Where the crime is committed against the will of a complainant and without his consent, it is not necessary that the testimony of the complainant be corroborated."

This instruction was too broad under the facts of this case. The jury should have been instructed in the language of section 26, subdivision 8 Penal Code, and no such instruction was given.

The order denying the motion for new trial is reversed with directions to the trial court to grant the motion.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied August 4, 1950, and respondent's petition for a hearing by the Supreme Court was denied August 17, 1950.